UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DeANGELO SPANN, # 147751, | ) | C/A No.  4:11-2575-SB-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CECILIA REYNOLDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I.    INTRODUCTION

Petitioner, DeAngelo Spann, (Petitioner/Spann) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 27, 2011.  Respondent filed a Motion for Summary Judgment (Document # 28) on April 5, 2012, along with a Return and supporting Memorandum.  The undersigned issued an order pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response.  Petitioner filed a Response (Document # 33) in opposition to the Motion for Summary Judgment on May 8, 2012.

This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.    PROCEDURAL HISTORY

### A.    Indictment and Plea

The procedural history as set out by Respondent has not been seriously disputed by Petitioner. Therefore, the undisputed procedural history as stated by Respondent is set forth herein. DeAngelo Spann ("Petitioner") is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Charleston County Clerk of Court.  App. 72, 75.  Petitioner was indicted at the September 2006 term of the Charleston County Grand Jury for assault and battery with intent to kill ("ABWIK") (#2006-GS-10-7734) following an April 21, 2006 incident wherein Petitioner wounded Keith Evans ("Victim") by firing a sawed-off shotgun at him. App. 9-10, 70-71. Petitioner also waived presentment on an indictment for trafficking in cocaine 10-28 grams, first offense (#2007-GS-10-13259W) after he was found in possession of 14.5 grams of cocaine following a September 4, 2007 traffic stop.  App. 10, 73-74.  On October 25, 2007, Petitioner, represented by J. Joseph Condon, pleaded as indicted under North Carolina v. Alford, 400 U.S. 25 (1970), which under South Carolina law, is treated as a guilty plea.  App. 7.  Pursuant to a negotiated plea agreement, the Honorable Deadra L. Jefferson sentenced Petitioner to confinement for twelve (12) years for ABWIK and ten (10) years for trafficking in cocaine to be served concurrently.  App. 16.  Petitioner did not appeal his conviction or sentence.

### B.    Post-Conviction Relief and Appeal

On August 27, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 18-24.  In his application, Petitioner alleged trial counsel was ineffective, his plea was coerced and his due process rights were violated.  App. 20.  Responding to Petitioner's allegations, the State, represented by Assistant Attorney General Matthew Friedman, filed its Return requesting an

evidentiary hearing on Petitioner's ineffective assistance of counsel claim. App. 25-30. Thereafter, an evidentiary hearing was conducted in Charleston on November 19, 2009 before the Honorable Kristi Lea Harrington. App. 30-61. At the hearing, Petitioner was represented by Julie Copeland. App. 30. During the hearing, Petitioner and his former plea counsel both testified. App. 34-49, 50-55. Following the conclusion of the hearing, the PCR court issued an order denying Petitioner's application and making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

> The Applicant testified that counsel did not explain an Alford appeal to him. He asserted that he never discussed an appeal with counsel. Applicant testified that he never received a letter from counsel after the plea hearing. He asserted that he did not fully understand the consequences of the plea.

> Plea counsel testified that the State served Applicant with notice that they intended to seek a sentence of life without parole, but the State withdrew the notice in exchange for the plea. He testified that Judge Jefferson would not let Applicant plead no contest, but she would let him plead under Alford. Counsel asserted that he and Applicant discussed an Alford plea the day before the plea hearing. Counsel testified that Applicant understood the terms of the negotiated sentence and was satisfied with the sentence. He also asserted that he and Applicant discussed the possibility of filing an appeal, and Applicant did not want to file an appeal. The day after the plea hearing, counsel confirmed this decision in a letter to Applicant.

> ### Ineffective Assistance of Counsel / Coerced Plea

> The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334

S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000) (citing Harres v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984)). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002) (citations omitted).

This Court finds that Applicant's testimony is not credible while also finding that counsel's testimony is credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicant's version of the facts, and possible defenses or lack thereof. This Court finds that the record reflects that Applicant's plea was entered freely, voluntarily, knowingly, and intelligently. Applicant acknowledged that he understood the nature of the charges,

-4-

the possible punishments, and his constitutional rights. Applicant admitted that he was guilty of these offenses. Applicant told the plea court that he was satisfied with counsel and that no one had threatened him or promised him anything to accept the plea offer. He indicated that he understood that an <u>Alford</u> plea is treated the same as a guilty plea. This Court finds that Applicant understood the terms of the negotiated sentence.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. <u>State v. Pendergrass</u>, 270 S.C. 1, 239 S.E.2d 750 (1977); <u>Strickland</u>, 466 U.S. at 668; <u>Butler</u>, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that counsel and Applicant discussed the <u>Alford</u> plea, the consequences of the plea, and the right to appeal. Applicant did not ask counsel to file an appeal. Moreover, counsel obtained a favorable negotiated sentence on Applicant's behalf, and Applicant accepted the offer for twelve (12) years and received the benefit of the bargain.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>, specifically that he was prejudiced by plea counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

<u>All Other Allegations</u>

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

App. 63-69. Petitioner did not file a Rule 59(e), SCRCP Motion to Alter or Amend.

-5-

After timely filing and serving the notice of appeal, Petitioner, represented by Lanelle Durant of the South Carolina Commission on Indigent Defense, filed a <u>Johnson</u>[1] petition in the South Carolina Supreme Court arguing "the PCR court err[ed] in failing to find plea counsel was ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily and intelligently entered into. " <u>See</u> Notice of Appeal in #2008-CP-10-5053; <u>Johnson</u> Petition for Writ of Certiorari in #2008-CP-10-5053. No <u>pro se</u> brief was filed. On August 4, 2011, the Supreme Court of South Carolina, after performing a <u>Johnson</u> review, granted counsel's motion to withdraw and denied certiorari. <u>See</u> Order Denying Certiorari in #2008-CP-10-5053. The remittitur was issued on August 23, 2011. <u>See</u> Remittitur in #2008-CP-10-5053.

## III.    GROUNDS FOR RELIEF

Petitioner filed his Petition on September 27, 2011, in which he raises the following grounds for relief:

**Ground One:**  Due Process violation of law

**Supporting Facts:** "Due process" means fundamental fairness and substantial justice.  The right of an accused to be warned of constitutional rights at the earliest stage of the criminal process; all rights which are of such fundamental importance as to require compliance with due process standard of fairness and justice.  I was not given this fundamental fairness and its substantial justice at its earliest stage of my criminal process.  I was give it after I been ask how do I plea, which is a violation.

**Ground Two:** Coerced plea

**Supporting Facts:** A fraudulent and deceptive misrepresentation, artifice or device used by one or more persons to deceive and trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon.  To constitute "deceit"

---

[1]<u>See</u> <u>Johnson v. State</u>, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988) (extending the <u>Anders</u> procedure to PCR appeals and thereby requiring an appellate court to review the entire PCR record for any issues of arguable merit before granting appellate counsel's motion to withdraw).

the statement must be untrue, meaning Judge Jefferson statement concerning me not being able to plea no contest is untrue, to a felony that is and I was coerced by one or more persons to plea <u>N.C. v. Alford</u>.

**Ground Three:** Ineffective assistance of counsel in that attorney failed to file an appeal

**Supporting Facts:** Any manifestation by words or other conduct by one person to another that under the circumstances, amounts to an assertion not in accordance with the facts meaning my attorney Joseph Condon manifested in word to me that I should waive my rights to have indictment presented to the grand jury. No person shall be held to answer any court for an alleged crime or offense unless upon indictment.

**Ground Four:** Cause in fact/ Misleading/ Proximate cause by the Ninth Circuit Judge Deadra Jefferson

**Supporting Facts:** That particular cause which produces an event and without which the event would not have occurred stating that I could not plea no contest to a felony when I could which calculated to lead astray or to lead into error. "Misleading." That which in a natural continuous sequence, unbroken by any efficient intervening cause produces injury and without which the result would not have occurred. "Proximate cause."

## IV.    STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case.

Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir.2005) (citing Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir.2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## V.    PROCEDURAL BAR

### A.    Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the

---

[2]As stated by the Supreme Court:
The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

issue. See 28 U.S.C. § 2254[3]; Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C.Code Ann. § 17–27–10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S.C.Code Ann. § 17–27–90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[4] through direct appeal or

---

[3]Section 2254(b) and (c) reads as follows:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is either an absence of available State corrective process; or
      (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[4]The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus

through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim. If any avenue of state relief is still available, the petitioner must

present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See

Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983); Patterson v. Leeke, 556

F.2d 1168 (4th Cir.1977).

      If a petitioner fails to raise a claim at the appropriate time in state court and state procedural

rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed

and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527,

533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

      Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through

exhaustion or procedural bypass); however,

> ... the exercise of that power ordinarily is inappropriate unless the defendant succeeds
> in showing both "cause" for noncompliance with the state rule and "actual prejudice"
> resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)); see also

Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

### B.    Cause and Actual Prejudice

      To have such claims considered, a petitioner must show sufficient cause for failure to raise

the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750,

or that a "fundamental miscarriage of justice" has occurred.  Murray v. Carrier, 477 U.S. 478, 106

---

review in the South Carolina Supreme Court after the petition's transfer to the South Carolina
Court of Appeals. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C.2002),
citing In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 321
S.C. 563, 471 S.E.2d 454 (S.C.1990).

S.Ct. 2639, 91 L.Ed.2d 397 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir.1990), cert. denied, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.1988), cert. denied, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocense to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997). Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. 152, 165–66 (1996). It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## VI.    ANALYSIS

In Ground One, Petitioner asserts that his due process rights were violated.  The PCR court never specifically ruled upon Petitioner's due process claim and Petitioner failed to file a Rule 59(e), Motion to Alter or Amend in order to receive a specific ruling on such a claim.  In Ground Two, Petitioner asserts that his plea was coerced by the plea court when the Judge informed Petitioner that he could not plead "no contest" to a felony.  Petitioner failed to raise this ground for relief in his state PCR action.[5]  In Ground Three, Petitioner asserts that his counsel was ineffective for failing to file an appeal, but then asserts counsel was ineffective for advising him to waive presentment.  Petitioner raised and the PCR court addressed Petitioner's claim of ineffective assistance of counsel for failure to file an appeal.  However, Petitioner did not raise an ineffective assistance of counsel claim with respect to counsel's advice to waive presentment.  In Ground Four, Petitioner asserts "cause in fact/ misleading/ proximate cause" and appears to argue that he would not have entered the Alford plea had the court not informed him that he could not enter a "no contest" plea.  Petitioner did not raise this ground in his PCR action.

Except for Petitioner's claim of ineffective assistance of counsel for failing to file an appeal,

---

[5]While Petitioner alleged his plea was coerced in his PCR action and the PCR court ruled on a coerced plea issue, it did not address the specific claim Petitioner now presents in his federal habeas application. The state courts addressed whether Petitioner's Alford plea was involuntary based upon defense counsel's alleged failure to explain the specifics of an Alford plea. In other words, the PCR court only addressed whether Petitioner's guilty plea was rendered involuntary based upon ineffective assistance of counsel, not whether the plea court coerced Petitioner to plead under Alford by explaining to Petitioner that he could not plead "no contest" to a felony. See Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982) (explaining a habeas petitioner must present the substance of his federal habeas corpus claim to the state courts); Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice."); Matthews, 105 F.3d at 911 (noting fair presentation requires both the operative facts and controlling legal principles be presented to the state courts).

each of the grounds raised in the present habeas petition is barred for Petitioner's failure to raise the grounds in the state court. Petitioner has not demonstrated cause and prejudice for his procedural default of these claims. Accordingly, it is recommended that Grounds One, Two, Four and the portion of Ground Three that relates to ineffective assistance of counsel with respect to counsel's advice to waive presentment, be dismissed as procedurally barred.

In Ground Three, Petitioner asserts that his counsel was ineffective for failing to file an appeal. Respondent argues that the state courts were not unreasonable in denying Petitioner's ineffective assistance of counsel claim.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U .S.C.A. § 2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in § 2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1),(2);  see also Williams v. Taylor, 529 U.S. 362, 398 (2000).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In the case of  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first

-13-

show that his counsel committed error. Id. at 687. If an error can be shown, the court must consider

whether the commission of an error resulted in prejudice to the defendant. Id.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell

below an objective standard of reasonableness." Id. at 688. "The proper measure of attorney

performance remains simply reasonableness under prevailing professional norms." Turner v. Bass,

753 F.2d 342, 348 (4th Cir.1985), reversed on other grounds, 476 U.S. 28, 106 S.Ct. 1683, 90

L.Ed.2d 27 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show

that he was prejudiced before being entitled to reversal. Strickland requires the petitioner to show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694. The Court further stated:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of
> counsel's challenged conduct on the facts of the particular case, viewed as of the time
> of counsel's conduct ... the court must then determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the wide range of
> professionally competent assistance.

Id. at 695.

A state court's finding on a claim of ineffective assistance of counsel is a combination of a

finding of fact and a conclusion of law. Although applicable precedents may require this court under

28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the

"prejudice" components highlighted in Strickland, the historical facts decided by a court of a state

in a claim of ineffective assistance of counsel remain subject to deference. See Hoots v. Allsbrook,

785 F.2d 1214, 1219 & n. 6 (4th Cir.1986)

Here, the PCR court found that Petitioner, who was facing the possibility of life without

-14-

parole under the recidivist statute, knowingly, voluntarily and understandingly entered into a negotiated twelve (12) year plea and, according to plea counsel, who was determined to be credible by the PCR court, did not want to pursue an appeal. App. 53-54, 66. The PCR court found that plea counsel wrote Petitioner a letter stating inter alia, "as we discussed we do not plan an appeal" indicating Petitioner was advised of his right to appeal, but had previously decided against pursing an appeal. App. 39-40. Thus, as found by the PCR court, even if Petitioner, who the PCR court determined was not a credible witness, did not receive plea counsel's letter, the letter still established that Petitioner had previously informed counsel he did not wish to appeal his guilty plea and never told his counsel anything to the contrary.

Accordingly, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, [nor did it] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; [nor did it] result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes

-15-

some reasonable allegation why this should not be so." <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir.1975).[6]

Therefore, for the reasons discussed above, it is recommended that summary judgment be granted as to Ground Three of the Petition.

## VII.   CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (Document # 28) be granted, and that the Petitioner's Petition for Writ of Habeas Corpus be denied, and the Petition dismissed without an evidentiary hearing.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 16, 2013
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[6]<u>See</u> <u>also</u> <u>Bemis v. United States</u>, 30 F.3d 220, 222–23 (1st Cir.1994) (observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir.1984) (affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified") (citing <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir.1975)); <u>Larrivee v. Warden, Me. State Prison</u>, 2000 WL 760971, *6 (D.Me.2000) ("A defendant's representations at the plea hearing are a 'formidable barrier' in collateral proceedings in which he attempts to take a different position.").