IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
CLERK, CHARLESTON, SC

2013 FEB 15  P 1: 44

DeANGELO SPANN, #147751,       )
                               )
              Petitioner,      )
                               )
v.                             )        Civil Action No. 4:11-2575
                               )
CECILIA REYNOLDS, Warden,      )           **ORDER**
                               )
              Respondent.      )
_____)

      This matter is before the Court upon the Petitioner's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed in this Court on September 27, 2011.  The Petitioner asserts four grounds for relief in his petition: (1) "due process violation of law"; (2) "coerced plea"; (3) "ineffective assistance of counsel in that attorney failed to file an appeal"; and (4) "cause in fact/misleading/proximate cause by the Ninth Circuit Judge Deadra L. Jefferson." (Entry 1 at 5, 6, 8, and 10.)

      On April 5, 2012, the Respondent filed a motion for summary judgment to which the Petitioner responded on May 8, 2012.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary consideration and for the issuance of a report and recommendation ("R&R").  On January 16, 2013, Magistrate Judge Thomas E. Rogers III issued an R&R evaluating the issues and recommending that the Court dismiss grounds one, two, four, and the portion of ground three alleging ineffective assistance based on counsel's alleged failure to waive presentment as procedurally barred on the Petitioner's failure to exhaust these claims or to show sufficient cause and prejudice, or actual innocence, to excuse the

failure to exhaust. In addition, the Magistrate Judge recommended that the Court grant summary judgment on the portion of ground three alleging ineffective assistance based on counsel's alleged failure to file an appeal. In short, the Magistrate Judge determined that the state post-conviction relief ("PCR") court's adjudication of this claim was not contrary to and did not involve an unreasonable application of federal law insofar as the evidence showed, as found by the PCR court, that the Petitioner's counsel advised the Petitioner of his right to appeal but the Petitioner did not wish to file an appeal.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

Here, the Petitioner filed two virtually identical sets of objections; however, these objections do not point to a specific portion of the R&R, and they are largely incomprehensible. After a review of these objections, it appears that the Petitioner objects to the Magistrate Judge's deference to or acceptance of the facts found by the PCR court insofar as he asserts that the state court fact-finding was flawed and inadequate.

After conducting a *de novo* review as to the Petitioner's objections and considering the record, the applicable law, and the R&R, the Court agrees with the conclusions of the Magistrate Judge and finds the Petitioner's objections to be without merit. First, the Court agrees with the Magistrate Judge that grounds one, two, four, and the portion of three

2

alleging ineffective assistance based on counsel's alleged failure to waive presentment are procedurally barred. In addition, the Court agrees with the Magistrate Judge that the PCR court's denial of the Petitioner's claim that counsel was ineffective for failing to file an appeal was not contrary to and did not involve an unreasonable application of federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, contrary to the Petitioner's objections.

Based on the foregoing, the Court adopts the R&R (Entry 38) and incorporates it herein by specific reference, and the Court overrules the Petitioner's objections (Entries 40 and 42). Therefore, it is hereby

**ORDERED** that the Respondent's motion for summary judgment (Entry 28) is granted, and the Petitioner's petition for a writ of habeas corpus is denied and dismissed without an evidentiary hearing.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February ___, 2013
Charleston, South Carolina

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or

3

wrong or that the issues presented were adequate to deserve further attention.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.